See also 60 B.R. 38.

**In re Donny J. SHORT (S.S. # 434–64–7537), Debtor.**

**MAC SERVICES OF BATON ROUGE, INC., Plaintiff,**

v.

**Donny J. SHORT, Defendant.**

**In re Clarence Gary COOPER (S.S. # 436–54–2706), Debtor.**

**Charles N. MALONE, Trustee, Plaintiff,**

v.

**Clarence Gary COOPER, Defendant.**

Bankruptcy Nos. 84–00134, 82–00420. Adv. Nos. 84–0099, 84–0060.

United States Bankruptcy Court, M.D. Louisiana.

April 17, 1986.

Jerry W. Lindig, Baton Rouge, La., for plaintiff in Adv. No. 84–0099.

Charles N. Malone, Baton Rouge, La., for plaintiff in Adv. No. 84–0060.

Robert S. Leake, Baton Rouge, La., for defendant in Adv. No. 84–0099.

A.L. Carbonette, Baton Rouge, La., for defendant in Adv. No. 84–0060.

**REASONS FOR DISPOSING OF MOTION TO DISMISS COMPLAINT**

WESLEY W. STEEN, Bankruptcy Judge.

**I. Jurisdiction of the Court**

This is a proceeding arising under Title 11 U.S.C. The United States District Court for the Middle District of Louisiana has original jurisdiction pursuant to 28 U.S.C.

§ 1334(b). By Local Rule 29 (and in the Short case under special order of January 2, 1986), under the authority of 28 U.S.C. § 157(a), the United States District Court for the Middle District of Louisiana referred all these cases to the Bankruptcy Judge for the district and ordered the Bankruptcy Judge to exercise all authority permitted by 28 U.S.C. § 157.

This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(J); pursuant to 28 U.S.C. § 157(b)(1), the Bankruptcy Judge for this district may hear and determine all core proceedings arising in a case under Title 11 referred under 28 U.S.C. § 157(a), and the Bankruptcy Judge may enter appropriate orders and judgments.

No party has objected to the exercise of jurisdiction by the Bankruptcy Judge. No party has filed a motion for discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) or pursuant to 11 U.S.C. § 305. No party filed a timely motion for mandatory abstention under 28 U.S.C. § 1334(c)(2). No party has filed a motion under 28 U.S.C. § 157(d) to withdraw all or part of the case or any proceeding thereunder, and the District Court has not done so on its own motion.

## II. Facts

In both of the above captioned adversaries, a complaint to deny the Debtor's discharge under the provisions of 11 U.S.C. § 727 was filed. The complainant in Adversary # 84-0099, Mac Services of Baton Rouge, Inc., is a creditor of the Debtor, Donny J. Short. The complainant in Adversary # 84-0060 is the trustee, Charles N. Malone.

### A. *Adversary # 84-0099*

A trial on the complaint of Mac Services was held on November 6, 1984, and the Court entered an order denying the Debtor's discharge due to the failure of the Debtor to list certain bank accounts and retirement benefits in his schedules and for failure of the Debtor to list certain preferential transfers in the schedules. The Debtor appealed the Court's decision, but while on appeal a settlement was reached and both parties requested that the case be remanded to this Court in order that the proceeding be dismissed. Both counsel filed the motion to dismiss pursuant to an agreement whereby the Debtor will make a payment to Mac Services in exchange for the dismissal of the complaint.

### B. *Adversary # 84-0060*

The trustee's complaint was heard on October 23, 1984, and the Court ordered that the Debtor's discharge be denied due to a failure of the Debtor to list certain bank accounts and due to the Debtor's concealment of property. Entry of the order denying discharge was withheld until the other issues could be resolved. The trustee filed a motion to dismiss the complaint on February 4, 1985, alleging that a compromise had been reached whereby the Debtor would pay to the trustee $12,709.95.

## III. Analysis of Both Adversaries

Hearings were held on both motions to dismiss and no one appeared in opposition to either motion. Rule 7041 dealing with the dismissal of adversary proceedings states:

"Rule 41 F.R.Civ.P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee and only on order of the court containing terms and conditions which the court deems proper."

The advisory committee note states:

"Dismissal of a complaint objecting to a discharge raises special concerns because the plaintiff may have been induced to dismiss by an advantage given or promised by the debtor or someone acting in his interest. Some courts by local rule or order have required the debtor and his attorney or the plaintiff to file an affidavit that nothing has been promised to the plaintiff in consideration for the withdrawal of the objection. By specifically

authorizing the court to impose conditions in the order of dismissal this rule permits the continuation of this salutory practice."

There is no doubt that in both of these proceedings the plaintiffs are receiving an advantage in exchange for which they will dismiss the complaint. There appears to be no jurisprudence extant determining whether it is appropriate to dismiss a complaint in which the plaintiff receives an advantage.

Since Rule 7041 requires that the trustee receive notice of the dismissal of a complaint to deny the debtor's discharge and since the rule also allows the Court to set terms and conditions that it deems proper, the Court will require a notice to all creditors and parties in interest of the motion to dismiss. The notice will further state that the complaint will be dismissed unless, within 20 days, a creditor or other interested party requests to be substituted as plaintiff and/or objects to the dismissal. It will also state the advantage that the Debtor is providing in exchange for the plaintiff's motion to dismiss. This condition of full disclosure will provide all interested parties with the right to object to the dismissal and with the right to continue prosecution of the complaint to deny the Debtor's discharge if they wish to do so. If no creditor cares to pursue and if the trustee does not wish to pursue denial of a discharge, the Court can see no authority to deny the dismissal and no way to achieve the prosecution of the case.